# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3392 | **DATE** | 10/12/2001 |
| **CASE TITLE** | Fejzoski vs. John Ashcroft | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Court denies respondents' motion for relief from judgment (27-1).

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 16 2001 | 37 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | FILED FOR DOCKETING 01 OCT 15 PM 5:10 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| ILMI FEJZOSKI, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>JOHN ASHCROFT, Attorney General )<br>of the United States, et al., )<br>)<br>Respondents. ) | Case No. 99 C 3392 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In his supplemental habeas corpus petition filed in January 2001, petitioner Ilmi Fejzoski sought a writ of habeas corpus challenging the Attorney General's denial of discretionary relief from deportation under §212(c) of the Immigration and Nationality Act, 8 U.S.C. §1182(c). On July 5, 2001, the Court entered judgment in favor petitioner. Respondents have appealed that decision. They have also filed a motion under Fed. R. Civ. P. 60(b) to vacate the judgment. Though this Court would not have jurisdiction to grant that motion (were we inclined to grant it, we would say so, and the parties presumably would seek remand from the Court of Appeals), we do have jurisdiction to deny it if it is without merit. *See generally Boyko v. Anderson*, 185 F.3d 672, 674-75 (7th Cir. 1999)

Fejzoski's original habeas corpus petition alleged that he is a Muslim and ethnic Albanian who was born in the former Yugoslavia and came to this country in 1972 at age 12, later obtaining permanent resident status. Fejzoski alleged that the Attorney General was seeking to deport him to Yugoslavia or Macedonia, and he sought relief pursuant to the United Nations

Convention Against Torture and on the basis of due process, arguing that if he were deported he would be persecuted or killed. Respondents moved to dismiss the petition or alternatively to transfer the case to the Northern District of Louisiana, where Fejzoski was then being held. The motion and supporting memorandum revealed that in June 1998, the Immigration and Naturalization Service had issued a "notice to appear" to Fejzoski, alleging that he was removable as an aggravated felon under 8 U.S.C. §§1237(a)(2)(a)(iii) & 1101(a)(43)(B), based on a March 1992 federal conviction for attempting to possess cocaine with intent to distribute. The notice to appear, which accompanied the motion, did not mention any other convictions. *See* Resp. Mem. in Support of Mot. to Dismiss, Ex. 2. In his response to the motion, Fejzoski said he had pled guilty in the March 1992 case. He said that at that time, he was eligible for relief from deportation under §212(c), and he claimed that respondent had unfairly delayed initiation of deportation until 1998, after the passage of legislation in 1996 that purported to remove his right to seek §212(c) relief. *See* Ptr. Resp. to Mot. to Dismiss, p. 3 & n.2. In September 2000, the Court denied the motion to transfer and denied the motion to dismiss without prejudice.

Fejzoski filed a supplemental habeas corpus petition on January 18, 2001. He incorporated by reference the claims in his original petition, *see* Supp. Ptn., p. 2, and spent almost the entirety of the supplemental petition setting forth a claim that it was inappropriate to apply to him the 1996 changes in the law. Specifically, Fejzoski clearly and unequivocally asserted a claim that in pleading guilty in 1992, he had relied on the availability of §212(c) relief, and that under the circumstances the later changes in the law could not properly be applied to him. Fejzoski attached to the petition an affidavit from his attorney in the 1992 case supporting his allegations.

2

Respondents did not move to dismiss the supplemental petition. Instead they answered it. They chose to limit their response to a challenge to the Court's jurisdiction to consider the case. With regard to the merits, prior to Fejzoski's supplemental petition, the Seventh Circuit had squarely held, in *Jideonwo v. Immigration and Naturalization Service*, 224 F.3d 692 (7th Cir. 2000), that retroactive application of the 1996 law eliminating the possibility of §212(c) relief for persons convicted of aggravated felonies violated due process in the case of a person who had relied on the availability of such relief in entering a plea guilty prior to enactment of that law – in other words, a person in Fejzoski's position. Despite this, respondents chose not to challenge Fejzoski's claim on the merits, arguing only that such claims could be raised only in a direct appeal to the Court of Appeals from a decision by the Board of Immigration Appeals. On the jurisdictional issue, though prevailing Seventh Circuit authority appeared to support respondents' claim of lack of district court jurisdiction, respondents were surely aware that the Supreme Court had, about six weeks before they filed their answer, granted certiorari to resolve a split in the Circuits on that very point. *See Immigration and Naturalization Service v. St. Cyr*, 531 U.S. 1107 (2001).

The Supreme Court ultimately held in *St. Cyr* that the 1996 legislation did not deprive district courts of habeas corpus jurisdiction and did not apply retroactively to criminal aliens who pled guilty in anticipation of discretionary relief. *Immigration and Naturalization Service v. St. Cyr*, 121 S.Ct. 2271 (2001). Following that decision, this Court reviewed Fejzoski's supplemental petition, respondents' response, and Fejzoski's reply. We determined that respondents had not challenged any part of Fejzoski's claim on the merits, found his claim sufficient to warrant relief under *St. Cyr*, and ruled in his favor, ordering him released unless he

3

received a hearing on his request for §212(c) relief.

In their Rule 60(b) motion, respondents say that Fejzoski is ineligible for §212(c) relief even in the post-*St. Cyr* world, for two reasons: first, he also had a 1991 conviction for an aggravated felony which resulted from a trial rather than a guilty plea, thus eliminating any claim of reliance on the pre-1996 availability of §212(c) relief; and second, that even before 1996, felons who had been incarcerated for at least 5 years were ineligible for relief under §212(c). Respondents acknowledge that they gave no hint of either argument while the case was pending but say that we should overlook that because their decision to confine their response to the jurisdictional issue made sense at the time, and also because habeas corpus relief is futile based on these newly-found disabilities.

The Court disagrees. Rule 60(b) provides an extraordinary remedy limited to exceptional cases. *E.g., McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir.2000). A party cannot obtain relief from a judgment based on arguments that it held back during the litigation; tactical decisions do not constitute mistake or excusable neglect sufficient to warrant relief under Rule 60(b). *E.g., O'Brien v. R.J. O'Brien Associates, Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993). Respondents made a tactical decision not to challenge Fejzoski's claim on the merits; it is too late now for them to change their mind. In addition, it is anything but certain that the relief ordered by the Court is futile. The 1991 conviction was not mentioned in the "notice to appear" that initiated Fejzoski's removal proceedings, and there is no indication that respondents brought it up at any point when his case was pending before the INS. Under the circumstances, Fejzoski may have a viable claim that the INS cannot now switch horses and rely on a conviction that it previously chose not to use as a basis for removal. And on the claim that the length of Fejzoski's

4

incarceration prior to the issuance of the notice of appear eliminated the possibility of §212(c) relief from the outset, Fejzoski may have a viable claim that it violated his due process rights for the INS to lie in the weeds waiting for the five year period to run before seeking removal.

Finally, the Court rejects respondents' request that we alter the judgment to provide for a remand to the BIA rather than for a hearing on Fejzoski's claim for §212(c) relief. The BIA is an appellate body which by respondents' admission does not conduct evidentiary hearings on §212(c) claims. Respondents have provided no support for their request.

For the foregoing reasons, the Court denies respondents' motion for relief from judgment [Docket Item 27-1].

MATTHEW F. KENNELLY
United States District Judge

Date: October 12, 2001